FILED
U.S. DISTRICT COURT

2009 OCT -5 P 1:19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| SUSAN K. EVANS, | : | |
| Plaintiff, | : | Case No. 2:08-CV-00982-DB |
| vs. | : | **DECISION AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | Honorable Dee Benson |
| Defendant. | : | |

Susan K. Evans appeals the Commissioner of Social Security's decision denying his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, respectively. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## LEGAL STANDARDS

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the

evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002) (providing that both impairment and inability to work must last twelve months). The claimant's impairments must be of such severity that he is not only unable to perform past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Id.*; 20 C.F.R. §§ 404.1520, 416.920.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset date, whether she has severe impairments, and whether the severity of her impairments meets or equals the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. If a claimant's impairment does not meet or equal a listed impairment, the Commissioner assesses the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

After determining the claimant's RFC, the Commissioner evaluates steps four and five, determining whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy. *Williams*, 844 F.2d at 751. In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). At step five, the burden shifts to the Commissioner to show other jobs in the national economy within the claimant's capacity. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

## BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on September 2, 2005. (Tr. 97-103, 435-40.) In both applications, Plaintiff claimed she became disabled on June 30, 2005, due to emphysema, degenerative disc disease in the neck, arthritis in the back and wrists, recovery from alcoholism, and anxiety disorder. (Tr. 97, 119, 435.) Plaintiff was 53 years old on the date she alleges she became disabled. (Tr. 97.) She has a high school education and has worked as a cashier and hotel clerk. (Tr. 125, 197.)

Plaintiff's claims were denied initially on February 6, 2006, and denied upon reconsideration on October 20, 2006. (Tr. 86-92.) On December 1, 2006, Plaintiff requested a hearing. (Tr. 93.) On February 12, 2008, Administrate Law Judge (ALJ) Robin L. Henrie presided over Plaintiff's hearing in Salt Lake City, Utah. (Tr. 38-83.) By written decision, dated March 12, 2008, the ALJ determined that Plaintiff had not performed substantial gainful activity since her alleged onset of disability. (Tr. 14.) He found that Plaintiff's severe impairments consisted of "degenerative disk disease, degenerative joint disease, thyroid disease, pulmonary disease, and anxiety disorder" (Tr. 14.) However, the ALJ determined that Plaintiff did not have

an impairment or combination of impairments that met or equaled the impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments, giving special attention to Listings 1.02 (major dysfunction of a joint or joints), 1.04 (disorders of the spine), 3.02 (chronic pulmonary insufficiency), 3.03 (asthma), 9.02 (thyroid disorders), and 12.06 (anxiety disorders). (Tr. 14-16.)

The ALJ reviewed the medical records and medical opinions of the health care professionals who treated Plaintiff during the relevant time period, and he also considered the findings of State agency medical consultants who reviewed the medical evidence of record.[1] The ALJ heard testimony from Plaintiff regarding her limitations and pain, and also heard testimony from a vocational expert. The ALJ found Plaintiff's testimony regarding the severity of her pain and functional limitations inconsistent with the record as a whole and therefore "not entirely credible." (Tr. 30-33.)

After reviewing all the evidence, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform the full range of semi-skilled light work with the following limitations:

 a. The claimant would need to have the opportunity to change postures at will (the "sit/stand option");

 b. The claimant cannot perform stooping, bending or squatting of any significance;

 c. The claimant cannot perform work on the floor, including essentially no kneeling, crawling or crouching;

 d. The claimant cannot climb flights of stairs, although a few stairs are not precluded;

---

[1] The medical evidence was summarized in the ALJ's decision and is not repeated here except as necessary to address the issues presented. (Tr. 22-28.)

  e. The claimant can perform up to frequent reaching, handling, and fingering (feeling is "not present");

  f. The claimant could not perform work involving significant use of foot controls due to lower extremity numbness;

  g. The claimant would be limited to semi-skilled work with less than high levels of stress due to her anxiety disorder, i.e. stress levels similar to her past relevant work.

(Tr. 16). A vocational expert then testified that Plaintiff's limitations did not precluded her from performing her past relevant work as a cashier and a hotel clerk. (Tr. 75-77). Relying on this testimony, the ALJ determined that Plaintiff could perform her past relevant work and therefore was not disabled within the meaning of the Act. (Tr. 35.) On November 18, 2007, the Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's March 12, 2008 decision the Commissioner's final decision for purposes of judicial review. (Tr. 4-6.) *See* 20 C.F.R. §§ 404.981, 416.1481.

## DISCUSSION

Plaintiff's principal allegations of error concern the ALJ's evaluation of medical opinion evidence and credibility, and the effect of a decision by another ALJ granting her subsequent applications for benefits. First, Plaintiff claims the ALJ erred in evaluating the opinion of Bruce N. Stanley, M.D. Second, Plaintiff claims that the ALJ erred in finding that her statements concerning the severity of her symptoms were not entirely credible. Third, Plaintiff argues that the ALJ's decision should be remanded because another ALJ found her disabled as of the day after the date of the current ALJ's decision. In a decision dated August 20, 2009, a different ALJ granted Plaintiff's applications for Disability Insurance Benefits and Supplemental Security

Income, filed on March 26, 2008, finding her disabled since March 12, 2008.[2] The Court finds Plaintiff's arguments unpersuasive. Rather, the Court agrees with Defendant that the ALJ's evaluation of Dr. Stanley's opinion and Plaintiff's credibility was supported by substantial evidence and correct under applicable law, and that the August 20, 2009 ALJ decision does not establish that the March 12, 2008 ALJ decision was erroneous.

In addition, Plaintiff argues that the ALJ erred in determining her RFC and in finding she could perform her past relevant work as a cashier and hotel clerk. The Court finds neither of these arguments persuasive. Rather, the Court agrees with Defendant's arguments, set forth in Defendant's Answer Brief, that the ALJ's assessment of Plaintiff's RFC and determination that she could work as a cashier and hotel clerk were supported by substantial evidence and correct under applicable law. Accordingly, the Court adopts Defendant's Brief and incorporates the same herein by reference with respect to those issues.

### A. Dr. Stanley's Opinion.

In a letter addressed "To Whom it may concern," written at Plaintiff's request on May 29, 2007, Dr. Stanley stated that he had treated Plaintiff for four years and that her diagnoses included hyperlipidemia, anxiety, depression, emphysema, history of pneumonia (Tr. 405.) Dr. Stanley also stated:

> In addition, [Plaintiff] has chronic pain in her shoulders neck and back, that have limited her abilities to work over the last several years. I understand [Plaintiff] has been requesting a certification of disability. While I do not typically certify disability in my patients, I am aware that her medical conditions have often

---

[2] On September 9, 2009, Plaintiff moved to supplement the record with the August 20, 2009 ALJ decision. Defendant's counsel stipulated to the document's admission at oral argument on September 10, 2009.

-6-

> limited her ability to work full time. She may need vocational rehab, or lighter shifts, schedules and duties in order to maintain gainful employment.

(Tr. 405.) The ALJ interpreted the letter to mean that "Dr. Stanley felt [Plaintiff] could return to work, but may need to find lighter work," and gave the opinion controlling weight.[3] (Tr. 29.) Plaintiff agrees that Dr. Stanley's opinion was entitled to controlling weight, but contends that the ALJ misinterpreted the letter and that Dr. Stanley actually said that Plaintiff was unable to perform full-time work. (Tr. 29.)

The Court finds the ALJ duly considered Dr. Stanley's letter and properly concluded that it expressed the opinion that Plaintiff could perform a range of full-time work. Dr. Stanley stated that Plaintiff had requested a certification of disability, but that he generally did not certify disability for his patients. He did not certify in the letter that Plaintiff was disabled. He did not state that Plaintiff could not work full time, only that her condition had often limited her ability to do so. He then stated that Plaintiff may need vocational rehabilitation, or lighter shifts, schedules and duties in order to maintain gainful employment. The Court finds Dr. Stanley's statements in his May 29, 2007 letter are susceptible to only one reasonable interpretation: that it is possible for Plaintiff to maintain gainful employment, but she *may* need training (in order, presumably, to qualify her for lighter work) or *may* need "lighter shifts, schedules and schedules." Or, as the ALJ put it, that "Dr. Stanley felt [she] could retrun to work, but may need to find lighter work." (Tr. 29.)Plaintiff's interpretation – that Dr. Stanley expressed an opinion

---

[3] An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2); *see also Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir.1995).

that Plaintiff was incapable of performing any full-time work – is not consistent with Dr. Stanley's statements in his letter.

## B.     Plaintiff's Credibility

Credibility findings should be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391. "A formalistic factor-by-factor recitation of the evidence," however, is not required. *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Id.*

With regard to credibility, Plaintiff argues that the ALJ merely listed a few factors relevant to credibility and failed to discuss the specific evidence he considered. The Court disagrees. The ALJ discussed the evidence he considered in assessing Plaintiff's credibility at considerable length. The ALJ discussed Plaintiff's testimony regarding her limitations, her daily activities, and a work capacity evaluation that was consistent with the ability to perform light work (Tr. 31). He considered that Plaintiff lost her past jobs not because of symptoms related to her impairments, but because of problems with alcohol abuse (Tr. 32). He noted that her alleged basis of disability changed from time to time (Tr. 32). He noted that a number of her activities ("such as extended periods of reading, watching television, playing computer games, playing cards, e-mailing, sewing, and doing crafts") were inconsistent with her complaints of severe neck and back pain (Tr. 32). He considered that her examination findings had generally been normal (Tr. 32). He considered her admission that her anxiety was controlled with medication and was not debilitating (Tr. 32). He considered that she reported doing well after discontinuing antidepressant medication (Tr. 32). He discussed the conservative nature of her treatment

(Tr. 32). He observed that her complaints of fatigue from emphysema and shortness of breath were inconsistent with her continued one-pack-per-day cigarette habit (Tr. 32). He considered her admission that she could work a full day when she took Lortab (Tr. 32). Thus, the ALJ did "set[] forth the specific evidence he relie[d] on in evaluating the claimant's credibility." *Id.* Therefore, the Court affirms the ALJ's credibility determination.

### C. The Subsequent Favorable Decision.

Plaintiff also argues that the ALJ's decision is not supported by substantial evidence because a different ALJ found her disabled immediately after the date of the ALJ's decision under the Court's review. In the decision under review, the ALJ found Plaintiff was able to perform her past work from June 30, 2005, to March 12, 2008.[4] On March 26, 2008, Plaintiff again filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability since March 12, 2008. On August 20, 2009, a different ALJ granted Plaintiff's applications, finding she had been disabled since March 12, 2008, as alleged.

The Court fails to see the relevance of the subsequent ALJ decision to the matter at hand. In the subsequent decision, the ALJ assigned significant weight to an October 2008 statement by treating physician Thomas Clark, M.D., a February 2009 report by treating physician D. J. Ballingham, M.D., and hearing testimony by medical expert Dr. Kendrick Morrison. None of this evidence was before the ALJ who rendered the prior decision, nor does the subsequent decision suggest that this evidence addressed Plaintiff's condition prior to March 12, 2008. That

---

[4]Applications for Disability Insurance Benefits and Supplemental Security Income remain in effect until the ALJ's hearing decision is issued. *See* 20 C.F.R. §§ 404.620(a), 416.330.

a different ALJ found Plaintiff disabled during a different time period based on different evidence fails establish that the decision under review was not supported by substantial evidence.

## CONCLUSION

Having determined that the Commissioner decision is supported by substantial evidence and free of legal error, the Commissioner's decision is AFFIRMED.

It is so ordered.

Dated this __5__ day of ~~September~~ *October*, 2009.

_____
Dee Benson
United States District Court Judge